The Legislature of Alabama, in 1987, adopted legislation limiting the amount of damages a party could recover against a health care provider. Act No. 87-189, § 8, Ala. Acts 1987. Section 8 was codified at Ala. Code 1975, § 6-5-547.[3] The main opinion *Page 142 
concluded that § 6-5-547 violated the equal protection guarantees of the Alabama Constitution and the right of trial by jury as guaranteed by § 11 of that Constitution. Smith v.Schulte, 671 So.2d 1334 (Ala. 1995). I dissented in that case, as I did in Moore v. Mobile Infirmary Ass'n, 592 So.2d 156
(Ala. 1991), where this Court struck down another section of Act No. 87-189 as violating the Alabama Constitution. I believe that my dissents in those two cases correctly state the law — that the Legislature had the power to limit the amount of penalty a plaintiff can recover against a medical care provider. Because this case involves an award of punitive damages, I believe that what I said in those two dissents is even more correct now, in view of what the Supreme Court of the United States has recently said about the requirements of the Federal Constitution relating to the notice a State must provide before it can hold one liable for punitive damages in a civil action. See, BMW of North America, Inc. v. Gore,517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).
HOUSTON, J., concurs.
[3] Section 6-5-547 reads:
 "In any action commenced pursuant to Section 6-5-391 or Section 6-5-410, against a health care provider whether in contract or in tort based on a breach of the standard of care the amount of any judgment entered in favor of the plaintiff shall not exceed the sum of $1,000,000. Any verdict returned in any such action which exceeds $1,000,000 shall be reduced to $1,000,000 by the trial court or such lesser sum as the trial court deems appropriate in accordance with prevailing standards for reducing excessive verdicts. During the trial of any action brought pursuant to Section 6-5-391 or 6-5-410
neither the court nor any party shall advise or infer to the jury that it may not return a verdict in excess of $1,000,000; in the event the jury is so advised or such inference is made the court, upon motion of an opposing party, shall immediately declare a mistrial. The maximum amount payable under this section, $1,000,000, shall be adjusted on April fifteenth of each year to reflect any increase or decrease during the preceding calendar year in the consumer price index of the United States Department of Commerce. Said adjustment shall equal the percentage change in the consumer price index during the preceding calendar year."